# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 8, 2019

156651

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

DONNA WALKER, WILLIAM WALKER, and
HEAD TO TOES MASSAGE THERAPY OF
OXFORD, INC.,
        Plaintiffs-Appellees,

v

OTIS M. UNDERWOOD, JR.,
        Defendant-Appellant.

SC: 156651
COA: 333160
Oakland CC: 2015-145545-CK

_____/

On January 23, 2019, the Court heard oral argument on the application for leave to appeal the September 7, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I respectfully dissent. In this case, defendant agreed to develop a part of a building that he owned for plaintiffs Donna and William Walker, who planned to lease the space for their business, Head to Toes Massage Therapy of Oxford, Inc. The agreement was memorialized in a written contract (the letter agreement) that the parties signed. Although the letter agreement provided that defendant would "use all reasonable efforts/expense to obtain a final occupancy permit," defendant experienced continual delays in doing so. After nine months without the necessary occupancy permit, plaintiffs' attorney sent a letter to defendant indicating that they had decided "to terminate their interest in any and all obligations regarding the property."

Plaintiffs filed suit, seeking damages resulting from the delay. Defendant moved for summary disposition, arguing that plaintiffs were not entitled to such relief under the terms of the letter agreement. In support of his position, defendant pointed to paragraph 10 of the letter agreement, which specifically outlined the remedies agreed to by the parties, stating:

> 10. The failure of either party to perform the preliminary duties outlined in this agreement will permit the obligee of the duty to declare a default and terminate this preliminary agreement to lease or other remedy that may be agreed to by the parties.

The trial court held that paragraph 10 was clear and unambiguous, granting summary disposition in defendant's favor. A divided panel of the Court of Appeals reversed, however, with the majority reasoning that paragraph 10 did not contain any language expressly limiting the parties to the two remedies specified therein.[1] Judge O'BRIEN drafted a partial dissent, in which she opined that the majority's holding effectively rendered paragraph 10 meaningless.[2]

I, like Judge O'BRIEN, am persuaded that the panel majority's holding does not comport with the rule against surplusage. That is, "courts must [] give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory."[3] Paragraph 10 is inartfully drafted with regard to the second remedy, which awkwardly allows for the pursuit of an alternative remedy agreed to by the parties. Nevertheless, considered as a whole, paragraph 10 is clear, concise, and cannot be ignored as surplusage. To hold, as the panel majority has, that the parties in this case were not limited in the remedies available writes paragraph 10 out of the contract entirely.

Further, I note the well-established principle that "[i]n interpreting a contract, our obligation is to determine the intent of the contracting parties."[4] "[T]he intent of the contracting parties is best discerned by the language actually used in the contract."[5] It seems peculiar to me that the letter agreement would include a provision that details two specific remedies—neither of which is unique to this manner of contract or these particular circumstances—if the parties did not intend for those remedies to be exclusive.

---

[1] *Walker v Underwood*, unpublished per curiam opinion of the Court of Appeals, issued September 7, 2017 (Docket Nos. 332129 and 333160), pp 2-4.

[2] *Id*. at 4-5 (O'BRIEN, J., dissenting).

[3] *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003).

[4] *Quality Prods & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003).

[5] *Rory v Continental Ins Co*, 473 Mich 457, 469-470 n 21; 703 NW2d 23 (2005).

For these reasons, I would peremptorily reverse the decision reached by the Court of Appeals' panel majority and reinstate the trial court's order granting summary disposition.

MARKMAN, J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 8, 2019



Clerk

t0305